IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY JOY KIRKENDALL,<br>WESLEY SNYDER, BARBARA CAYA,<br>and BONNIE SETH on behalf of<br>themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HALLIBURTON, INC.,<br>HALLIBURTON RETIREMENT PLAN,<br>and DRESSER INDUSTRIES, INC.<br>CONSOLIDATED RETIREMENT PLAN,<br><br>Defendants. | **Civil Action No.:**<br><br>**Complaint For Violations Of ERISA**<br><br>**Class Action**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiffs, through their undersigned counsel, complain against Defendants as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction and venue lies in this Court pursuant to Sections 502(e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) and (f), as well as under 29 U.S.C. § 1331.

2. Plaintiffs and the majority of the Class (as hereinafter defined) reside within this judicial district.

3. At all relevant times Defendants have conducted business on a regular basis within this judicial district, and can be found within this district for purposes of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. 1391.

4. The conduct complained of herein occurred within this district for purposes of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**Parties**

5. Plaintiff Kathy Joy Kirkendall is an individual who resides at 803 West Henley St., Olean, NY 14760.

6. Plaintiff Wesley Snyder is an individual who resides at 567 Ho-Sta-Geh Rd., Olean, NY 14760.

7. Plaintiff Barbara Caya is an individual who resides at 415 S. Nine Mile Road #90, Allegany, New York 14706.

8. Plaintiff Bonnie Seth is an individual who resides at 112 Niagara Street, Olean, New York 14760.

9. Defendant Halliburton, Inc. ("Halliburton") is a corporation with offices at 1401 McKinney, 24th floor, Houston, Texas.

10. Defendant Halliburton Retirement Plan (the "Halliburton Plan") is an employee pension benefit plan as defined in ERISA, with an address c/o Halliburton, Inc. at 1401 McKinney, 24th floor, Houston, Texas.

11. Defendant Dresser Industries, Inc. Consolidated Retirement Plan (the "Dresser Plan") is an employee pension benefit plan as defined in ERISA. On information and belief, the Dresser Plan has an address c/o Halliburton, Inc. at 1401 McKinney, 24th floor, Houston, Texas.

**Factual Averments**

12. On or about January 1, 1987, Dresser-Rand Company ("Dresser-Rand") was formed as a New York general partnership by Dresser Industries ("Dresser") and Ingersoll-Rand Company ("Ingersoll").

2

13. The Dresser Plan, sponsored by Dresser, provided for pension benefits for employees of Dresser-Rand. Such benefits were accrued during employment with Dresser prior to January 1, 1987 and with Dresser-Rand thereafter.

14. On or about September 29, 1998 Halliburton became the successor by merger to Dresser and thereby became sponsor of the Dresser Plan.

15. On information and belief, the Dresser Plan was merged into the Halliburton Plan on or about December 31, 2000, with the result that the Halliburton Plan became the successor to the Dresser Plan. References herein to the "Plan" will refer to the Dresser Plan or to the Halliburton Plan as successor to the Dresser Plan, as appropriate.

16. As of February, 2000 Plaintiffs and the Class (and/or the persons through whom the estate and beneficiary Class members claim) were employees of Dresser-Rand and participants in the Plan.

17. The Plan provides for retirement benefits applicable to Plaintiffs and the Class that are based on age, service and rate of pay at the time of termination of employment with Dresser-Rand.

18. Effective February 28, 2000 Halliburton sold its interest in Dresser-Rand to Ingersoll, leaving Ingersoll as the sole partner of Dresser-Rand.

19. Following the sale, the parties did not wind up the affairs of Dresser-Rand. Rather, Dresser-Rand continued to operate the same business, under the same name, at the same locations, with the same employees performing the same jobs.

20. Plaintiffs and the Class continued to be employed by Dresser-Rand on and after March 1, 2000, performing the same jobs at the same locations as before the sale.

21. Commencing in or about July, 2002, Halliburton has taken the position that sale of its interest in Dresser-Rand to Ingersoll had the effect of terminating the existence of Dresser-Rand, and thereby terminating the employment of all Dresser-Rand employees, including Plaintiffs and the Class (and/or those through whom the estate and beneficiary members claim), as of March 1, 2000.

22. On information and belief, since about July, 2002 Halliburton has caused the administrators of the Plan to calculate benefits for members of the Class using March 1, 2000 as the date of termination.

23. In fact, under New York law, the withdrawal of a partner leaving a sole partner does not terminate the partnership, unless an intent to terminate is effectuated by winding up the partnership's affairs.

24. Because Dresser-Rand's affairs have not been wound up, it continued in existence, and its employees continued in its employ, after March 1, 2000 and to this day.

25. Using the date of March 1, 2000 in place of the later actual date(s) of termination has the effect of decreasing the benefits payable to members of the Class.

## Class Action Averments

26. Plaintiffs bring this action on behalf of a class consisting of all persons who were employed by Dresser-Rand on March 1, 2000 and were participants in the Dresser Plan, and the estates and designated beneficiaries of such persons (the "Class").

27. On information and belief, the Class consists of at least several hundred persons, and is so numerous that joinder of all members would be impracticable.

28. There are questions of law and fact common to the Class, including whether the sale of Halliburton's interest in Dresser-Rand had the effect of terminating the existence of Dresser-Rand and/or the employment of its employees.

29. Plaintiffs' claims are typical of those of the Class, as they are based upon the same legal theory applied to the same material factual circumstances.

30. Plaintiffs will fairly and adequately represent the interests of the Class, as their claims are the same as those of the Class, and they have secured the representation of attorneys who are skilled and knowledgeable in pursuing litigation of this kind.

31. The conduct of Defendants has been undertaken on grounds applicable to the entire Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole.

32. The common questions of law and fact predominate over any questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Declaratory Judgment

33. The averments of ¶¶ 1 - 25 hereof are incorporated herein by reference.

34. There is an actual controversy between Plaintiffs and the Class on one side and Defendants on the other with respect to whether the sale of Halliburton's interest in Dresser-Rand had the effect of terminating the existence of Dresser-Rand and the employment of its employees.

35. The pension rights of Plaintiffs and the Class, and the corresponding duties of Defendants, turn on resolution of the foregoing controversy.

## COUNT II
### Benefit Claim

36. The averments of ¶¶ 1 - 25 hereof are incorporated herein by reference.

37. Members of the Class are entitled to have their past, present and future benefits redetermined using the actual date of their termination from employment by Dresser-Rand, and to be paid the difference between the correctly determined benefit and any benefit they have received from the Plan, together with interest.

## COUNT III
### Breach of ERISA §§ 204(g), 204(h), 208

38. The averments of ¶¶ 1 - 25 hereof are incorporated herein by reference.

39. Defendants' systematic denial of vesting service after March 1, 2000 with respect to qualification for previously-accrued early retirement benefits and/or retirement-type subsidies amounts to an amendment of the Plan to eliminate or reduce such accrued benefits, in violation of Sections 204(g) and 208 of ERISA, 29 U.S.C. §§ 1054(g), 1058.

40. Defendants' implementation of the foregoing amendment without notice was in violation of Sections 204(h) of ERISA, 29 U.S.C. § 1054(h).

## COUNT IV
### Breach of Fiduciary Duty

41. The averments of ¶¶ 1 - 25 hereof are incorporated herein by reference.

42. Halliburton acted as a fiduciary, within the meaning of ERISA, in controlling the Plan's decision to use March 1, 2000 as the date of termination for determining benefits under the Plan.

43. Halliburton knew or should have known that the sale of its interest in Dresser-Rand did not have the effect of terminating the existence of Dresser-Rand or the employment of its employees.

44. By causing the Plan to determine benefits for Plaintiffs and the Class based on the wrong date of termination, Halliburton breached its fiduciary duties of loyalty and prudence.

### **Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court enter judgment in favor of Plaintiffs and the Class: (i) declaring that the sale of Halliburton's interest in Dresser-Rand did not have the effect of terminating the existence of Dresser-Rand or the employment of its employees; Dresser-Rand did not cease to exist as of March 1, 2000 or at any other time, and that the employment of Plaintiffs and members of the Class (and the persons through whom estate and beneficiary Class members claim) continued until their individual termination, or continues to the present, for purposes of benefit determinations under the Plan; (ii) requiring Defendants to redetermine benefits due to Plaintiffs and the Class based upon the correct dates of termination, and to pay benefits in accordance with such redetermination, together with interest; (iii) awarding Plaintiffs and the Class compensatory damages in an appropriate amount; (iv) granting Plaintiffs costs and attorneys' fees; and (v) granting such further relief as may be just.

Dated:  May 1, 2007                         Respectfully submitted,

                                            BLITMAN & KING LLP

                                    By:     _s/Jules L. Smith_____
                                            Jules L. Smith, Esq.
                                            Attorneys for Plaintiffs
                                            Office and P.O. Address
                                            The Powers Building, Suite 207
                                            16 West Main Street
                                            Rochester, New York  14614-1601
                                            Telephone:    (585) 232-5600
                                            FAX:          (585) 232-7738
                                            Email:        jlsmith@bklawyers.com

                                      s/Theodore Goldberg, Esq.
                                      Theodore Goldberg, Esq.
                                      David Rodes, Esq.
                                      John T. Tierney, III, Esq.
                                      Attorneys for Plaintiffs
                                      Office and P.O. Address
                                      1030 Fifth Avenue, Third Floor
                                      Pittsburgh, PA  15219
                                      Telephone: (412) 471-3980
                                      FAX: (412) 471-8308